United States District Court
Southern District of Texas
**ENTERED**
March 02, 2026
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| SEILLER MATOS CARMENATY, | § § | CIVIL ACTION NUMBER 4:26-cv-01614 |
| Petitioner, | § § § | |
| versus | § § § | JUDGE CHARLES ESKRIDGE |
| MARTIN FRINK, *et al*, Respondents. | § § § | |

## ORDER

Petitioner Seiller Matos Carmenaty filed a petition for writ of *habeas corpus* on February 26, 2026. Dkt 1. She is a citizen of Cuba who presented herself at a port of entry on April 23, 2024, and was paroled into the United States for one year under 8 USC §1182(d)(5)(A). Id at ¶1. On September 19, 2025, five months after her parole expired, she was taken into ICE custody. Id at ¶¶3–4.

She asserts that her present detention under 8 USC §1225(b) violates (i) the regulatory framework regarding parole, and (ii) the Due Process of the Fifth Amendment. She also argues that the Government's pause on adjudicating applications for adjustment of status under the Cuban Adjustment Act (under which she has a pending application) effectively subjects her to indefinite detention. Id at ¶¶68–69.

Among other relief, Petitioner seeks a court order directing Respondents to show cause as to why she should not be released or, alternatively, release her or provide her a bond hearing. Id at 21–22.

The claims as framed in this petition are novel and distinct from issues in this context recently decided by the

Fifth Circuit in *Buenrostro-Mendez v Bondi*, 2026 WL 323330 (5th Cir). Petitioner is thus entitled to a show-cause order pursuant to 28 USC §2243.

Respondents are ORDERED to show cause with a filing that establishes the propriety of Petitioner's continued detention.

It is noted that Petitioner's detention is approaching six months. As such, Respondents are also ORDERED to address at what point, if any, the duration of pre-removal order detention without an "obvious termination point" may implicate a *Zadvydas*-like due process limitation. See *Zadvydas v Davis*, 533 US 678, 697 (2001).

Such filing must be made by March 9, 2026, absent extension. Petitioner may file any reply by March 12, 2026.

Hearing will be set if determined necessary after briefing closes. But a hearing will be set upon affirmative request by either party, either by Zoom or in person.

It is ORDERED that the Clerk will email this order to USATXS.CivilNotice@usdoj.gov to provide notice of this action to Respondents.

SO ORDERED.

Signed on March 2, 2026, at Houston, Texas.

*/s/ CREskridge*
Honorable Charles Eskridge
United States District Judge